IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CHARLES A. WINSTON,
ADC #84733                                                                                              PLAINTIFF

V.                                          2:12CV00235-SWW-JTK

CHARLES STEWART., et al.                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## DISPOSITION

**I.     Introduction**

This matter is before the Court on the Motions to Dismiss filed by Defendants Burl, Earl, Hobbs, May, Naylor, Stewart, and Wilkins (Doc. Nos. 5, 16), on Plaintiff's Motion to Amend (Doc. No. 15), and on Defendants' Motion to Consolidate (Doc. No. 20). Plaintiff filed responses to the Motions to Dismiss (Doc. Nos. 18, 19, 21) and to the Motion to Consolidate (Doc. Nos. 23, 24).

Plaintiff is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his due process rights by filing a false disciplinary charge against him in retaliation for the filing of grievances. Plaintiff asks for damages from Defendants.

In his Complaint, Plaintiff states that on January 2, 2012, he was verbally and physically assaulted by an inmate (Preston), but did not report it until he filed a grievance about it on January 4, 2012 (Doc. No. 2, p. 5). He gave the grievance to Defendant Stewart, who became angry because Plaintiff waited two days to submit the grievance. (Id.) Stewart then placed both Plaintiff and

inmate Preston in punitive isolation, under Disciplinary Court Review, but later released Preston to general population. (Id.) Then, on January 10, 2012, Defendant Stewart issued a major disciplinary charge to Plaintiff, charging him with deliberately providing misinformation or falsely accusing another in the course of an official investigation, together with failure to follow a verbal order of the staff. (Id. at pp. 6, 17.) Plaintiff alleges this disciplinary was written in violation of the grievance policy, Administrative Directive (AD) 10-32, which prohibits the problem-solver from filing an incident report or disciplinary based on alleged false statements contained in a grievance. (Id. at pp. 7, 18-20.) Defendant Earl wrongfully approved the disciplinary charge, knowing of this violation, and Defendant Ester improperly convicted Plaintiff of the disciplinary charge. (Id. at p. 8.) Plaintiff was reduced from class I to class IV, and sentenced to thirty days in punitive isolation, where he was denied access to classes, church call and the law library. (Id. at pp. 8, 30-32.) The charges were affirmed on appeal to Defendants Burl, Naylor, and Hobbs (Doc. Nos. 38, 43), but were eventually overturned (Doc. No. 50). He also claims Defendant May, who oversees the prison grievance procedure, improperly allowed Defendants Stewart, Burl, Naylor, and Hobbs to violate policy, and that his lack of action influenced Defendant Wilkins to falsify documents and scandalize Plaintiff's name in the course of proceedings filed with the Arkansas Claims Commission. (Doc. Nos. 12-13, 46-47.)

**II.    Motion to Dismiss**

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 555 (2007) (overruling <u>Conley v. Gibson</u>, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).   A complaint must contain enough facts to state a claim to relief that is plausible on its face.  Twombly, 550 U.S. at 570.  See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

      A.      **Defendants' Original Motion (Doc. No. 5)**

In support of their Motion, Defendants state Plaintiff's monetary claims against them should be dismissed because he sued them only in their official capacities, and his injunctive relief claim should be dismissed because he does not possess a constitutional right to be transferred to a different Unit. (Doc. No. 5, p. 2).  In addition, the complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies against Defendants as set forth in the Prison Litigation Reform Act (PLRA), and currently maintains a complaint before the Arkansas Claims Commission based on the same set of facts.  (Id. at pp. 2-3.)

In Response, Plaintiff asks to amend his complaint (Doc. No. 15), to assert his damages claims against Defendants in their individual and official capacities.  Based on this Response, Defendants then filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 16).  In light of these filings, the Court will grant Plaintiff's Motion to Amend and deny as moot Defendants' Motion to Dismiss the original complaint.

      B.      **Defendants' Motion to Dismiss the Amended Complaint (Doc. No. 16)**

           1.      **Defendants' Arguments**

Defendants first state Plaintiff's Amended Complaint should be dismissed because his

retaliation claim is precluded by the fact that "some evidence" supported his disciplinary conviction. (Doc. No. 17, p. 8.)   Citing Earnest v. Courtney, Defendants state that no cause of action is supported when the allegedly retaliatory punishment is imposed against the prisoner based on an actual violation of prison rules. 64 F.3d 365, 367 (8th Cir. 1995).  Plaintiff's Complaint and attachments show that his disciplinary conviction was based on evidence in the form of "documentation and statement gathered from staff," together with the grievance Plaintiff initially filed (Doc. No. 2, p. 16).

Defendants also state they are entitled to qualified immunity, because "some evidence" supported the Plaintiff's disciplinary conviction, and therefore, they did not violate Plaintiff's constitutional rights.  In addition, they state that their conduct in considering and imposing disciplinary sanctions was objectively reasonable.  They state Plaintiff's monetary claims against them in their official capacities should be dismissed, based on sovereign immunity, and that his overall allegations against them are frivolous and lack an arguable basis in law or fact, as set forth in Neitzke v. Williams, 490 U.S. 319, 325 (1989).

### 2.     Plaintiff's Response (Doc. Nos. 17-19)

Plaintiff states Defendants' Motion should be denied, because he was written a disciplinary in retaliation for utilizing the grievance procedure, which also violated ADC policy. As noted by Defendants, Plaintiff wrote over 465 grievances, 130 while at EARU. In addition, Defendants violated ADC policy when writing the disciplinary against him.[1]  Finally, Defendant Wilkins, who

---

[1]AD 10-32 provides in part, "[t]he following procedure is to be followed when it is suspected that an inmate has knowingly made false statements for the purpose of harming another person. The problem-solver will forward the informal grievance to the Grievance Officer; however, no officer, including the problem-solver, shall file an incident report of disciplinary based on the alleged false statements in the informal grievance." Doc. No. 2, p. 19.

is the ADC counsel, should have known Plaintiff's disciplinary violation was reversed in March, 2012, yet made deceiving and degrading statements about Plaintiff in documents filed with the Claims Commission in July, 2012.

**3. Analysis**

Initially, the Court finds that Plaintiff's monetary claims against them in their official capacities should be dismissed, based on sovereign immunity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). In addition, Plaintiff's allegation that Defendant Wilkins slandered him also does not support a constitutional claim. In Paul v. Davis,, the United States Supreme Court held that defamation by a state or local official does not by itself violate rights protected by the federal constitution. 424 U.S. 693, 712 (1976). In addition, in Johnson v. Barker, the court stated that defamation is not actionable under section 1983 and that damage to reputation, standing alone, does not state a claim for relief, because reputation is "neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law," 799 F.2d 1396, 1399 (9th Cir. 1986), citing Paul, 424 U.S. at 711-12. See also Gill v. Texas, No. Civ.A. 503CV-298-C, 2004 WL 852285 * 4 (N.D.Tex. 2004), and Savage v. Snow, 575 F.Supp. 828, 837 (S.D.N.Y. 1983). The Court also finds that Plaintiff's allegations against Defendant May, that he failed to send Plaintiff notice of the reversal of the disciplinary conviction and influenced Wilkins to falsify documents against him, fail to support a constitutional claim. It appears that Plaintiff's allegations against him are based on his supervisory capacity. However, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).

The Court, however, finds that Plaintiff's allegations against the remaining Defendants that their actions were motivated in retaliation for his filing of grievances, are sufficient to state a constitutional claim. "A prisoner has a cause of action when the prisoner alleges that prison officials filed disciplinary charges based upon false allegations against the prisoner in retaliation for the prisoner's participation in grievances against prison officials." Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994). However, "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform." Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990). In addition, "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993). "The critical inquiry...is not whether the prisoner alleges that prison officials retaliated against him for participating in constitutionally protected activity, but instead is whether the prison disciplinary committee ultimately found based upon some evidence that the prisoner committed the charged violation of the prison regulations." Henderson, 29 F.3d at 469. Due process requires that the record contain "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary decision, if the violation is found by an impartial decisionmaker." Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008). Finally, it is well settled that an internal ADC policy does not create a constitutional right, nor does a prison official's failure to follow such a regulation rise to the level of a § 1983 claim. Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996).

Although the record reflects that at the time of Plaintiff's conviction there was some evidence to support it, it is unclear to the Court what the effect of the reversal of the disciplinary has on that concept of "some evidence." It appears to the Court from the pleadings, that Plaintiff's disciplinary conviction was reversed because it was improperly filed, as set forth in the grievance procedure. In such a situation, is it proper therefore to characterize Plaintiff's conviction as imposed for an actual violation of prisoner rules or regulations, as set forth in Goff, 7 F.3d at 738? In light of such, the Court finds that dismissal at this juncture is improper, even considering Defendants' argument of qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner, and may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

In this case, the Court finds, based on the above discussion, that Plaintiff alleges the violation of a constitutional right (the filing of grievances), and that the case law adequately sets forth that the filing of a disciplinary charge against him based solely on the exercise of that right is not lawful. See Henderson, 29 F.3d at 469.  Therefore, the Court finds, based on its limited role on a motion to dismiss, that Defendants are not entitled to qualified immunity at this time.

**III.    Motion to Consolidate** (Doc. No. 20)

Defendants move to consolidate this action with two other pending lawsuits filed by Plaintiff, stating that they all involve a retaliation claim arising from the same underlying factual situation.[3] Plaintiff opposes this Motion (Doc. No. 23).

In Winston v. Payne, 2:12cv00237-JLH-JTK, Plaintiff sues six prison officials, who are not parties to this action, based on their actions in classifying him to administrative segregation following his disciplinary conviction.  In Winston v. Payne, 2:12cv00238-JLH-HDY, Plaintiff sues some of those same Defendants, together with other prison officials, alleging unconstitutional conditions of confinement, denial of adequate medical care, and retaliatory transfer.  The Court finds that the allegations in these cases are sufficiently separate and distinct from the allegations set forth in the present complaint, so as to render consolidation inappropriate, especially since none of the Defendants in this action are named Defendants in the other two actions.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Motion to Amend (Doc. No. 15) be GRANTED;

---

[3]Winston v. Payne, et al., 2:12CV000237-JLH-JTK, and Winston v. Payne, et al., 2:12CV00238-JLH-HDY.

2.Defendants' Motion to Dismiss (Doc. No. 5) be DENIED as moot;

3.Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 16) be GRANTED in part, with respect to Plaintiff's monetary claims against them in their official capacities and Plaintiff's claims against Defendants Wilkins and May;

4.Defendants' Motion to Dismiss (Doc. No. 16) be DENIED in part, with respect to Plaintiff's retaliation claims against Defendants Stewart, Burl, Earl, Naylor, and Hobbs.

5.Defendants' Motion to Consolidate (Doc. No. 20) be DENIED;

IT IS SO RECOMMENDED this 18th day of March, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE