**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CHARLES A. WINSTON,                                                                                       PLAINTIFF
ADC #84733

v.                                                2:12CV00235-SWW-JTK

CHARLES STEWART, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

I.     **Introduction**

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 56), to which Plaintiff has responded (Doc. No. 66).

Plaintiff Charles Winston is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his due process rights by filing a false disciplinary charge against him in retaliation for the filing of grievances. Plaintiff asks for damages from Defendants.

In his Complaint, Plaintiff states that on January 2, 2012, while incarcerated at the East Arkansas Regional Unit (EARU), he was verbally and physically assaulted by an inmate (Preston), but did not report it until he filed a grievance about it on January 4, 2012 (Doc. No. 2, p. 5). He gave the grievance to Defendant Stewart, who became angry because Plaintiff waited two days to submit the grievance. (Id.) Stewart then placed both Plaintiff and inmate Preston in punitive isolation, under Disciplinary Court Review (DCR), but later released Preston to general population. (Id.) Then, on January 10, 2012, Defendant Stewart charged Plaintiff with a disciplinary violation, based

2

on Plaintiff's providing misinformation or falsely accusing another in the course of an official investigation, together with failure to follow a verbal order of the staff. (Id. at pp. 6, 17.) Plaintiff alleges this disciplinary was written in violation of the grievance policy, Administrative Directive (AD) 10-32, which prohibits the problem-solver from filing an incident report or disciplinary based on alleged false statements contained in a grievance. (Id. at pp. 7, 18-20.)

Plaintiff further alleges Defendant Earl wrongfully approved the disciplinary charge, knowing of this violation, and Defendant Ester improperly convicted Plaintiff of the disciplinary charge. (Id. at p. 8.) Plaintiff was reduced from class I to class IV, and sentenced to thirty days in punitive isolation, where he was denied access to classes, church call and the law library. (Id. at pp. 8, 30-32.) The charges were affirmed on appeal to Defendants Burl, Naylor, and Hobbs (Doc. Nos. 38, 43), but were eventually overturned (Doc. No. 50). Plaintiff also claims Defendant May, who oversees the prison grievance procedure, improperly allowed Defendants Stewart, Burl, Naylor, and Hobbs to violate policy, and that his lack of action influenced Defendant Wilkins to falsify documents and scandalize Plaintiff's name in the course of proceedings filed with the Arkansas Claims Commission. (Doc. Nos. 12-13, 46-47.) This Court dismissed the allegations against Defendants Wilkins and May on April 9, 2013 (Doc. No. 31).

## II.  Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

A.      **Defendant's Motion**

Defendants ask the Court to dismiss Plaintiff's Complaint because an inmate cannot state a claim of retaliation for a disciplinary charge when the inmate, after being afforded due process, was found guilty of the actual behavior underlying the charge, based on "some evidence." Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008).  Defendants also state that Plaintiff has failed to produce affirmative evidence of a retaliatory motive, and therefore, cannot show that he would not have received the discipline "but for" retaliatory animus by the Defendants.  Finally, Defendants state they are protected from liability by qualified immunity.

In support of their Motion, Defendants present the affidavit of Defendant Stewart, who explains the incident at issue as follows:   On January 4, 2012, at the EARU, Plaintiff approached Stewart and told him that on January 2, 2012, he was physically and verbally assaulted by inmate Preston.  (Doc. No. 56-3, p. 1.)  Stewart was suspicious of Plaintiff's allegations, because he waited two days to report the incident, showed no signs of physical injury, and was inconsistent about whether he was touched or punched, when relating the incident to Stewart.  (Id., pp. 1-2.)  Stewart

4

investigated Plaintiff's allegations, and questioned inmate Preston, who denied them.  (Id., p. 2.)
He also spoke to five other inmates housed in the same barracks, and they did not see or hear any
commotion in the open bathroom area where the incident allegedly occurred.  (Id.)  Based on his
investigation, Stewart concluded that no assault occurred and that Plaintiff had reported false
information to him.  (Id.)  Therefore, Stewart charged him with violating disciplinary rules 12-1 and
13-1, and Plaintiff was placed on DCR status pending a hearing.  (Id., p. 3.)[1]

Stewart also states that he believed he was following proper procedure in charging Plaintiff
with the disciplinary violations, because Rule VII.D.1 of the Inmate Disciplinary Manual, No. 11-51,
provides that "the charging person should be the staff with the most knowledge of the event."  (Id.)
Stewart submitted the disciplinary charges to Defendant Earl, Deputy Warden of the EARU, who
agreed that the evidence Stewart found during the investigation supported his conclusion that Winston
committed the rule violations.  (Affidavit of Earl, Doc. No. 56-5, p. 1.)

Defendants also state that Plaintiff admitted in his deposition that he had never filed any
grievances against Stewart prior to this incident, and that he reported the alleged assault to Stewart
because he assumed Stewart thought favorably of him.  (Doc. No.56-5, pp. 26-27.)  He also stated in
the grievance he filed that inmate Preston should not have been housed in the general population
barracks with him.  (Doc. No. 56-4.)  Plaintiff admitted that he was provided a due process hearing
before Defendant Ester, at which time he argued the charges should be dismissed because Stewart
lacked the authority to charge him, pursuant to the ADC procedures.  (Doc. No. 56-5, p. 8.)

    1)    Some Evidence

According to ADC disciplinary Rule 13-1, giving ADC staff misinformation or falsely

---

[1]Rule 12-1 prohibits failure to obey an order of staff; Rule 13-1 prohibits providing
misinformation.  (Doc. No. 59-1, p. 5.)

accusing another inmate during the course of an investigation is a violation.  Although Defendants later determined that the disciplinary conviction should be reversed, they state the decision has no bearing on whether or not some evidence supported the original conviction, citing Moots v. Lombardi, 453 F.3d 1020, 1023 (8th Cir. 2006).  Therefore, Plaintiff's retaliation claim against them should be dismissed, because "some evidence" (the report from Stewart) supported the conclusion that Plaintiff violated an ADC rule.  Hartsfield, 511 F.3d at 829.  (See also Doc. No. 59-1, p. 6.)

Plaintiff's allegations against Defendants Hobbs, Naylor, and Burl – based on their responses to his disciplinary appeals and grievances – are based on their supervisory positions, without any causal link to the deprivation of his rights, and therefore, do not support a constitutional violation. Clemson v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007).  In addition, a violation of ADC policies and procedures does not support a constitutional claim, and Plaintiff cannot base a claim on how Defendants process or respond to grievances, citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996); Murry v. Floyd, No. 1:12-cv-00095-BSM-JTK, 2012 WL 6041638 *2 (E.D.Ark. 2012.)

2)      Retaliatory Motive

Defendants state Plaintiff fails to present any evidence of a retaliatory motive underlying their actions, and therefore, cannot show that but for such a motive, he would not have been disciplined. Plaintiff cannot merely allege an improper state of mind, but must produce "affirmative evidence" to show that protected conduct (such as filing grievances) was the motivating factor for his discipline. Lewis v. Jacks, 486 F.3d 1025, 1029 (8th Cir. 2007).  They note that Plaintiff was found guilty during a due process hearing – of making false allegations against an inmate – which is a rule violation and subject to punishment.  Therefore, absent proof of retaliation by Defendants, his allegations against them should be dismissed.

B.      Plaintiff's Response

Plaintiff maintains that Stewart lacked the authority to charge him with a disciplinary, citing AD10-32, which provides that only the grievance officer shall file an incident report or disciplinary based on an alleged false statement made in a grievance. (Doc. No. 66, p. 10.)  Therefore, since Defendant Stewart lacked the authority to charge him, the incident did not occur, and no evidence was presented to support it.  Plaintiff cites in support Haynes v. Stephenson, where the court held that some evidence could not support a disciplinary charge which was dismissed, because the charging officer lacked the authority to file it.  2008 WL 4368994 (E.D. Ark. 2008).

Plaintiff states that he is known for writing lots of grievances in an effort to make changes in the system, and Defendants' actions were motivated by retaliation for his actions.[2]  Retaliation also should be inferred from the fact that Defendants Ester, Naylor, and Hobbs discounted the rule which prevented Stewart from filing the charges against him. Since it is apparent that Stewart lacked the authority to write the disciplinary on him, Defendants are not entitled to qualified immunity.

C.      Analysis

As noted by the Defendants, Plaintiff cannot support a retaliation claim against them when convicted of an actual behavioral violation supported by some evidence.  Hartsfield, 511 F.3d at 829. "The critical inquiry ... is not whether the prisoner alleges that prison officials retaliated against him for participating in constitutionally protected activity, but instead is whether the prison disciplinary committee ultimately found based upon some evidence that the prisoner committed the charged violation of the prison regulations."   Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994). Furthermore, "[t]he fact that the conduct violation was later expunged does not mean that there was not some evidence for its imposition."  Moots, 453 F.3d at 1023.

---

[2]Between April 12, 2006 and July 9, 2012, Plaintiff filed 465 grievances.  (Doc. No. 66, p.4.)

In this case, Plaintiff does not dispute that he reported an assault to Defendant Stewart.  He does claim that the inmate poked him in the nose with his finger, causing no pain or injury, and that no other inmates were near to witness the event.  (Doc. No. 68, p. 1.)  He also admits that prior to the incident he had not filed a grievance against Stewart and that the disciplinary hearing provided to him was appropriate.  (Doc. No. 56-5, pp. 3, 6.)  At the disciplinary hearing, Stewart presented evidence of his investigation, which was relied on to support Plaintiff's conviction.  Although Plaintiff's conviction was reversed based on a procedural argument – that Stewart was not supposed to file the disciplinary charge – it was not reversed based on a lack of evidence.  Therefore, the Court finds that Plaintiff's conviction was supported by some evidence, thereby rendering his retaliation claim ineffective, and that the subsequent reversal of his conviction does not erase the evidence which originally supported the conviction.

The Court also finds that Plaintiff provides no proof of retaliation by any of the Defendants. Although he cites to Haynes v. Stephenson in support of the proposition that some evidence could not support a conviction which should not have occurred, the facts in Haynes are distinguishable from the facts at issue in this case. In Haynes, Officer Stephenson filed a disciplinary charge against inmate Haynes, alleging that inmate Haynes falsely accused him of improper conduct.  At the hearing, the disciplinary officer did not even hear any evidence on the charge, but immediately dismissed it, noting that it was written in violation of ADC procedures.  The Court stated, "Importantly, because Ms. Drayer (the hearing officer) did *not* reach the merits of the charges in the June 27 disciplinary, Defendant Stephenson *cannot* argue, under Superintendent v. Hill, 472 U.S. 445 (1985), that a determination was made by a hearing officer that "some evidence" supported the charges in that disciplinary."  2008 WL 4368994 *14.

In this case, Defendant Ester reached the merits of the charges filed against Plaintiff in a

hearing in which he admits he was provided due process rights.  The fact that the charges were dismissed later, based on a procedural error and not a substantive finding, does not eliminate the fact that some evidence existed to support the Plaintiff's conviction.

Defendants also state they are entitled to qualified immunity from liability.  Qualified immunity protects officials who act in an objectively reasonable manner.  It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[3]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  Nelson v. Correctional Medical Services, 583 F.3d 522,

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. at 236).

528 (8th Cir. 2009).

Based on parties' submissions and supporting evidence, the Court finds that Defendants acted reasonably under the circumstances.  No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right by Defendants.   Some evidence existed to support the disciplinary conviction at issue, thereby rebutting Plaintiff's claim of retaliation.  In addition, Plaintiff provides no affirmative evidence to show that a retaliatory motive was the sole cause or reason for the charge filed against him.  Plaintiff admitted that both before and after this incident, he filed numerous grievances, and there is no evidence that Defendants' actions "would chill an inmate of ordinary firmness from filing grievances,...."  Lewis, 486 F.3d at 1029.

## III.    Conclusion

IT IS, THEREFORE,  RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 56) be GRANTED, and that Plaintiff's claims against them be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 1st day of April, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE